UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| COUNTRYSIDE BANK, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | No: 2:18 CV 347 |
|  | ) |  |
| SEAN Z SHEIKH JR, *et al.*, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

## OPINION and ORDER

This matter comes before the court on plaintiff Countryside Bank's motion to remand this case to state court. (DE # 14.) For the reasons set forth below, plaintiff's motion will be denied.

## I. BACKGROUND

This matter is before the court on diversity jurisdiction. Plaintiff, Countryside Bank ("Countryside"), filed its mortgage foreclosure action against defendant Sean Sheikh, Jr. and other defendants in the Lake County Superior Court on December 27, 2017. (DE # 1 at 1.) On April 4, 2018, Sheikh removed the case to the Northern District of Indiana on the basis of federal question jurisdiction. *Countryside Bank v. Naseer, et al.*, 2:18-cv-132-TLS-JEM (N.D. Ind. filed Apr. 4, 2018). On May 15, 2018, the case was remanded back to the Lake County Superior Court on the basis that the complaint did not plead any federal claim. *Id.* at DE # 15. On September 17, 2018, Sheikh again removed the case - giving rise to the present action - on the basis of diversity jurisdiction. (DE # 2.)

Countryside now moves to remand this case back to state court on the basis that there is not complete diversity of citizenship among the remaining parties. Countryside and Sheikh do not dispute that Countryside is a citizen of Illinois and Sheikh is a citizen of Texas. (*See* DE ## 2, 15.) Rather, the parties' dispute pertains to the case status and citizenship of a different defendant, Bushra Naseer. First, the parties dispute whether Naseer should still be considered a party to the state court case after the state court entered summary judgment against Naseer on March 18, 2018. (*See* DE # 15-1 at 1.) Second, to the extent that Naseer remains a party to the case, Countryside argues that Naseer is an Illinois citizen and thus there is not complete diversity of citizenship and this case must be remanded. (DE # 15.) Because the court finds that Naseer is no longer a party to the case, the court need not reach the question of Naseer's citizenship.

## II. LEGAL STANDARD

A district court may exercise diversity jurisdiction pursuant to 28 U.S.C. § 1332. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs," and where complete diversity of citizenship exists. 28 U.S.C. § 1332. Complete diversity of citizenship exists where no plaintiff is a citizen of the same state as any defendant. *LM Ins. Corp. v. Spaulding Enters. Inc.*, 533 F.3d 542, 546 n. 1 (7th Cir. 2008). Further, for removal based on Section 1332(a) to be proper, diversity of citizenship must have existed at the time of removal. *Harmon v. OKI Sys.*, 115 F.3d 477, 480 (7th Cir. 1997).

A defendant who seeks to remove an action to federal court has the burden of establishing that the complete diversity requirement was met. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006); *Meyerson v. Showboat Marina Casino P'ship*, 312 F.3d 318, 321 (7th Cir. 2002). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian*, 441 F.3d at 543. District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993).

## III. DISCUSSION

The preliminary question of whether Naseer remains a party to this case was almost entirely neglected by the parties.[1] While both sides dispute whether Naseer is still a party to the case, neither party provides any authority or explanation for their position, instead relying on conclusory allegations that she is, or is not, still a party.

Moreover, neither party addresses the applicability of Indiana Rule of Trial Procedure 54(B). Pursuant to Rule 54(B), the general rule is that when an action involves more than one claim or party, an order adjudicating fewer than all claims or the rights and liabilities of fewer than all of the parties is: (1) not a final judgment; (2) does "not terminate the action as to any of the claims or parties;" and (3) may be revised by the

---

[1] Countryside does not address the change from its earlier position that complete diversity of citizenship exists (*see* DE # 6 at 2), and that its claims against all other defendants had been resolved in the state court proceedings (*see* DE # 10).

3

court at any time. Ind. R. Trial P. 54(B). However, the rule provides a way for courts to finalize orders disposing of only portions of a case, or to terminate only some of the parties: "[a] judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment . . . ." *Id. See also Martin v. Amoco Oil Co.*, 696 N.E.2d 383 (Ind. 1998) (adopting a "bright line" rule requiring strict compliance with Rule 54(B) before a trial court's order disposing of less than all issues or all parties will be deemed final); *In re Estate of Botkins*, 970 N.E.2d 164, 167 (Ind. Ct. App. 2012) ("[U]nless a trial court uses the 'magic language' set forth in Trial Rule 54(B), an order disposing of fewer than all claims as to all parties remains interlocutory in nature.").

Here, the state court's entry of summary judgment against Naseer expressly invoked the "magic language" of Rule 54(B), stating: "Pursuant to Trial Rule 54(B), the Court finds that there is no just reason for delay and, therefore, directs the entry of final judgment as to the claims adjudicated herein." (DE # 15-1 at 3.) It therefore appears that, under Indiana law, Naseer was no longer a party to the case at the time it was removed to this court and therefore her citizenship does not affect complete diversity.

## IV. CONCLUSION

For the reasons set forth above, plaintiff Countryside Bank's motion to remand (DE # 14) is **DENIED.**

**SO ORDERED.**

Date: February 5, 2019

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT