UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| COUNTRYSIDE BANK, | |
| Plaintiff, | |
| v. | CAUSE NO.: 2:18-CV-347-TLS-JEM |
| BUSHRA NASEER, SEAN Z. SHEIKJH, JR., CENTRAL MARKET OF INDIANA, INC., 3232 CENTRAL AVENUE LLC, NASER MUSLEH, HASAN MUSLEH, M.R. ALLAH, LLC, ZAFAR SHEIKH, BASHIR CHAUDRY, ASSOCIATED WHOLESALE GROCERS, INC., WHILSHIRE BANK, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS, | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

Plaintiff Countryside Bank filed its Complaint to Foreclose Commercial Mortgage and for Other Relief [ECF No. 1] in the Lake County, Indiana, Superior Court on December 27, 2017. On September 17, 2018, Defendant Sean Z. Sheikh, Jr. filed a Notice of Removal [ECF No. 2], removing the case to this court based on diversity jurisdiction. On November 1, 2018, Plaintiff filed a Motion to Remand [ECF No. 14], which was denied on February 5, 2019 [ECF No. 23]. Currently pending before the Court is Plaintiff's Motion to Reconsider [ECF No. 24], which asks the Court to reconsider the February 5, 2019 ruling and remand the case to state court.

Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), (a)(1). As the party seeking to invoke this Court's jurisdiction, Defendant Sean Z. Sheikh, Jr. bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). Diversity must be present both at the time the complaint is filed and when it is removed. *See Altom Transp., Inc. v. Westchester Fire Ins.*, Co., 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986))).

In the Complaint, Plaintiff alleges that Defendant 3232 Central Avenue LLC is "an Indiana limited liability company with its principal place of business in Indiana" and that Defendant M.R. Allah, *LLC* "is believed to be an Indiana limited liability company." Compl. ¶¶ 5, 7 ECF No. 1. In the Notice of Removal, Defendant Sean Z. Sheikh, Jr. alleges that Defendant 3232 Central Avenue LLC is an "Indiana LLC" and that Defendant M.R. Allah, *Inc.* is an "Indiana Corporation." Notice of Removal ¶ 2, ECF No. 2.

A limited liability company take the citizenship of its members. *Belleville Catering Co. v. Champaign Mkt. Place, LLC*, 350 F.3d 691, 692 (7th Cir. 2003). If the members of the limited liability company are themselves limited liability companies or partnerships, the citizenship of those members must be identified through each layer of membership. *See Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

Therefore, Defendant Sean Z. Sheikh, Jr. must identify the members of Defendant 3232 Central Avenue LLC and the citizenship of each member on both the date the Complaint was

filed and the date of removal. If any of the members are natural persons, the allegation of citizenship must identify the person's domicile, not the person's residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."); *Am's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 2355 U.S. 561 (1915)).

In addition to the direction given at the time of the telephonic conference, Defendant Sean Z. Sheikh, Jr. must also identify whether the Defendant named in the Complaint as "M.R. Allah, LLC" is a limited liability company or a corporation. Defendant Sean Z. Sheikh, Jr. must then properly identify the entity's citizenship either as a limited liability company, the standard for which is set forth above, or as a corporation by its state of incorporation and its principal place of business, *see Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018).

Accordingly, the Court ORDERS Defendant Sean Z. Sheikh, Jr. to FILE, on or before, January 27, 2020, a supplemental jurisdictional statement identifying:

(1) the citizenship of **Defendant 3232 Central Avenue LLC** by identifying each of its members and the citizenship of each member on both the date the Complaint was filed (December 27, 2017) and the date of removal (September 17, 2018). If any of the members of 3232 Central Avenue LLC are themselves unincorporated entities with members, the citizenship of those members must be identified through all layers of membership.

(2) (a) the form of business entity of **Defendant M.R. Allah, LLC** as well as (b) its citizenship. If the entity is a limited liability company, then its citizenship is determined by identifying each of its members, through all layers of membership,

and the citizenship of each member on both the date the Complaint was filed (December 27, 2017) and the date of removal (September 17, 2018). If the entity is a corporation, then its citizenship must be determined by its state of incorporation and the state of its principal place of business.

SO ORDERED on January 17, 2020.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT