# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| COUNTRYSIDE BANK,<br>            Plaintiff,<br><br>            v.<br><br>SEAN Z. SHEIKH, JR., BUSHRA NASEER, CENTRAL MARKET OF INDIANA, INC., 3232 CENTRAL AVENUE LLC, NASER MUSLEH, HASAN MUSLEH, M.R. ALLAH, LLC, ZAFAR SHEIKH, BASHIR CHAUDRY, ASSOCIATED WHOLESALE GROCERS, INC., WHILSHIRE BANK, UNKNOWN OWNERS, and NON-RECORD CLAIMANTS,<br>            Defendants. | CAUSE NO.: 2:18-CV-347-TLS-JEM |

## OPINION AND ORDER

On February 5, 2019, the Court issued an Opinion and Order [ECF No. 23] denying Plaintiff Countryside Bank's Motion to Remand. This matter is now before the Court on Plaintiff's Motion to Reconsider [ECF No. 24] that ruling. Because Defendant Sean Z. Sheikh, Jr. has not met his burden of demonstrating complete diversity between the parties at the time of removal, the Court grants the Motion to Reconsider and remands this case to state court.

## PROCEDURAL BACKGROUND

Plaintiff Countryside Bank filed its Complaint to Foreclose Commercial Mortgage and for Other Relief [ECF No. 1] in the Lake County, Indiana, Superior Court on December 27, 2017, against Defendants Sean Z. Sheikh, Jr. ("Sean Sheikh"), Bushra Naseer, Central Market of Indiana, Inc., 3232 Central Avenue LLC, Naser Musleh, Hasan Musleh, M.R. Allah, LLC, Zafar Sheikh, Bashir Chaudry, Associated Wholesale Grocers Inc., Wilshire Bank, and unknown owners and non-record claimants. The Complaint alleges that Plaintiff "is a bank chartered under

the laws of the State of Illinois." Compl. ¶ 1, ECF No. 1. The Complaint further alleges that Defendants Bushra Naseer, Zafar Sheikh, and Bashir Chaudry are each "an individual resident and citizen of the State of Illinois." *Id.* ¶¶ 2, 8, 9. Defendant Sean Sheikh is alleged to be a citizen of the State of New York, *id.* ¶ 3, and Defendant Naser Musleh is alleged to be a citizen of the State of Indiana, *id.* ¶ 6. The citizenship of Hasan Musleh is not alleged. *See* Compl.[1] As for the two limited liability companies, the Complaint alleges that Defendant 3232 Central Avenue LLC is "an Indiana limited liability company with its principal place of business in Indiana," *id.* ¶ 5, and that Defendant "M.R. Allah, LLC is believed to be an Indiana limited liability company," *id.* ¶ 7. As for the corporate defendants, the Complaint alleges: Defendant Central Market of Indiana, Inc. is an Indiana corporation with its principal place of business in Indiana, *id.* ¶ 4; Defendant Associated Wholesale Grocers, Inc. is a corporation organized under the laws of the State of Kansas with its principal place of business in Kansas, *id.* ¶ 10; and Defendant Wilshire Bank is a bank organized under the laws of the State of California with its principal place of business in California, *id.* ¶ 11.

The Complaint alleges the following claims:

Count I "Liability of Borrowers on Promissory Notes," seeking judgment against Central Market of Indiana, Inc. and 3232 Central Avenue LLC in the amount of $1,831,380.28, with interest. Compl. ¶¶ 13, 30–32.

Count II "Foreclosure of Mortgage," seeking entry of judgment determining that Plaintiff's mortgage is a valid, first, and subsisting lien on the Mortgaged Property; entry of a judgment in favor of Plaintiff and against Central Market of Indiana, Inc. and 3232 Central Avenue LLC in the sum of $1,831,380.28 plus interest, costs, and attorney fees; entry of an order foreclosing the Mortgage; and entry of an order directing the sale of the Mortgaged Property. *Id.* ¶¶ 33–35.

---

[1] Hasan Musleh is named in the caption of the Complaint but is not listed as a party in the opening paragraph of the Complaint or in the list of "Parties." *See* Compl. pp. 1–2. However, the Complaint alleges that members of 3232 Central Market LLC "leased the Mortgaged Premises to Hasan Musleh and M.R. Allah, LLC, pursuant to the Lease," *id.* ¶ 27, and, Count VIII seeks relief against Hasan Musleh, *id.* ¶¶ 63–67.

2

Count III      "Liability of Guarantors on Unconditional Guarantees," seeking judgment against Bushra Naseer and Sean Sheikh in the amount of $1,831,380.28, plus interest. *Id.* p. 1, ¶¶ 36–39.

Count IV       "Breach of Subordination Agreement," seeking judgment against Central Market of Indiana, Inc., 3232 Central Avenue LLC, Bushra Naseer, Sean Sheikh, and Naser Musleh in the amount of at least $300,000. *Id.* ¶¶ 40–44.

Count V        "Foreclosure of Commercial Security Agreement and Request for Accounting," seeking a judgment against Central Market of Indiana, Inc. and 3232 Central Avenue LLC that Plaintiff's interest in the Collateral be foreclosed against all defendants, a judgment foreclosing the right of redemption of all parties other than Plaintiff, a judgment directing the sale of the Collateral, a judgment directing all parties to surrender possession of the Collateral, and an accounting by Associated Wholesale Grocers, Inc., Wilshire Bank, Naser Musleh, and M.R. Allah LLC. *Id.* ¶¶ 45–52.

Count VI       "Enforcement of Assignment of Rents and Request for Accounting," against Central Market of Indiana, Inc. and 3232 Central Avenue LLC. *Id.* ¶¶ 53–58.

Count VII      "Fraud by Bushra Naseer, Sean Sheikh, and Naser Musleh." *Id.* ¶¶ 59–62.

Count VIII     "Fraud by Zafar Sheikh, Bashir Chaudry, and Hasan Musleh." *Id.* ¶¶ 63–67.

Count IX       "Appointment of Receiver." *Id.* ¶¶ 68–72.

On September 17, 2018, Defendant Sean Sheikh filed a Notice of Removal [ECF No. 2], removing the case to this court based on diversity jurisdiction.[2] As for the citizenship of the parties, the Notice of Removal alleges that Plaintiff Countryside Bank is "chartered and registered to do business in the State of Illinois" and that Defendant Sean Sheikh is a citizen of the State of Texas. *See* Notice of Removal ¶ 1, ECF No. 2. The Notice of Removal then asserts that all other defendants have been "dismissed or defaulted." *Id.* ¶ 2. More specifically, three defendants are listed as "dismissed": Zafar Sheikh ("Resident of Illinois"); Naser Musleh ("Resident of Indiana"); Hasan Musleh ("Resident of Indiana"). Two defendants are listed as

---

[2] Previously, on April 4, 2018, Defendant Zafar Sheikh removed the state case to the Northern District of Indiana on the basis of federal question jurisdiction. *See Countryside Bank v. Naseer, et al.*, 2:18-CV-132-TLS-JEM (N.D. Ind. filed Apr. 4, 2018). On May 15, 2018, the Court remanded the case to state court because the Complaint did not plead any federal claim. *Id.*

3

"Dismissed or defaulted": Bushra Naseer ("Resides overseas since 2012") and Bashir Chaudry ("Resident of Illinois"). *Id.*[3] Two defendants are listed as "Defaulted": Central Market Inc. ("Indiana Corporation") and 3232 Central Market LLC ("Indiana LLC"). And, three defendants are listed as "Dismissed/defaulted": M.R. Allah *Inc.* ("Indiana Corporation"),[4] "Associate Grocers" ("Kansas Corporation"), and Wilshire Bank ("California Corporation"). The Notice of Removal does not allege the principal place of business for the corporations (including Plaintiff) or the citizenship of members for the limited liability companies.

Pursuant to the Court's Order, Plaintiff filed a Status Report [ECF No. 13] on October 31, 2018, reporting the status of the parties in the state court proceedings prior to removal. The exhibits submitted in support of the Status Report provide the following procedural background:

1. On March 16, 2018, the state court entered a "Foreclosure Judgment on Note and Mortgage (Counts I & II)" against Central Market of Indiana, Inc. and 3232 Central Avenue LLC. *See* Status Report, Ex. A (Foreclosure Judgment), ECF No. 13-1. In the Foreclosure Judgment, the state court indicated that the following defendants had been served and were in default: Bushra Naseer, Sean Sheikh, Central Market of Indiana, Inc., 3232 Central Avenue LLC, Hasan Musleh, M.R. Allah, LLC, Bashir Chaudry, Associated Wholesale Grocers, Inc., and Wilshire Bank. *Id.* at pp. 1–2. Naser Musleh had filed an Answer by counsel, and Zafar Sheikh had not been served. *Id.* at pp. 1–2.

2. Also on March 16, 2018, the state court entered a "Summary Judgment on Counts III Through VI of the Complaint," incorporating the findings in the Foreclosure Judgment and finding:

    (1) Bushra Naseer and Sean Sheikh liable to Plaintiff on the Unconditional Guarantee (Count III);

    (2) Central Market of Indiana, Inc., 3232 Central Avenue LLC, Bushra Naseer, Sean Sheikh, and Naser Musleh liable to Plaintiff for breach of the

---

[3] Although the citizenship of Zafar Sheikh, Naser Musleh, Hasan Musleh, and Bashir Chaudry is not properly alleged because citizenship of an individual is determined by domicile, not residence, *see Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."), their citizenship does not affect the diversity jurisdiction analysis because Plaintiff voluntarily dismissed the claims against each of them prior to removal, *see Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir. 1992). Thus, no further inquiry is required.

[4] On January 27, 2020, Sean Sheikh clarified that M.R. Allah LLC is a limited liability company.

<blockquote>

agreements under the Musleh Note and the Subordination Agreement (Count IV);

(3) Plaintiff entitled to foreclosure on its interest in the identified collateral against Central Market of Indiana, Inc. and 3232 Central Avenue LLC, ordering Associated Wholesale Grocers to deliver to Plaintiff identified property and ordering Associated Wholesale Grocers, Wilshire Bank, Naser Musleh, and M.R. Allah LLC to file an accounting of any property that they are holding that may qualify as "Collateral" under the terms of the Commercial Security Agreement (Count V); and

(4) Plaintiff entitled to judgment against Zafar Sheikh and Bashir Chaudry in the amount of $20,000, ordering Zafar Sheikh and Bashir Chaudry to provide any accounting within 30 days (Count VI).

</blockquote>

*See id.*, Ex. B (Summ. Judgment Order), ECF No. 13-2. Pursuant to Indiana Trial Rule 54(b), the state court found that there was no just reason for delay and directed the entry of final judgment on the claims addressed in the ruling. *Id.*

3. On May 1, 2018, the state court signed a "Stipulated Motion to Dismiss Count IV Only," signed by counsel for Plaintiff and counsel for Naser Musleh, dismissing Count IV as to Naser Musleh. *See id.*, Ex. C (Stip. Mot.), ECF No. 13-3.

4. On July 12, 2018, the state court issued an Order on "Plaintiff's Motion to Dismiss Voluntarily Counts VI, VII and VIII," vacating the summary judgment on Count VI and dismissing without prejudice Counts VI, VII, and VIII. *See id.*, Ex. D (Order), ECF No. 13-4.

Plaintiff's Status Report and the supporting documents provide the status of each party:

1. Central Market of Indiana, Inc.: the March 16, 2018 final judgments on Counts I, II, IV, and V remain in place;[5]

2. 3232 Central Avenue LLC: the March 16, 2018 final judgments on Counts I, II, IV, and V remain in place;[6]

---

[5] Plaintiff omits the final judgment on Count II against Central Market of Indiana, Inc. Also, Plaintiff represents that Count IV was dismissed by stipulation as to Central Market of Indiana, Inc. and 3232 Central Avenue LLC, *see* Status Report ¶¶ 1–2; however, the Stipulated Motion to Dismiss is only as to Naser Musleh, *see* ECF No. 13-3.

[6] At the time of the Status Report, Plaintiff represented that 3232 Central Avenue LLC was in Chapter 11 bankruptcy. *See* Status Report ¶ 2. However, in Plaintiff's Reply on the instant motion, Plaintiff represents that 3232 Central Avenue LLC's bankruptcy case in the Northern District of Indiana was dismissed on February 20, 2019. *See* Pl.'s Reply to Show Lack of Jur. and Necessity of Remand p. 2, n. 1, ECF No. 27.

5

3. Bushra Naseer: the March 16, 2018 final judgment on Counts III and IV[7] remains in place, noting that "Bushra Naseer is believed to be an Illinois resident whose presence in the case destroys diversity jurisdiction," *see* Status Report ¶ 3, ECF No. 13;

4. Sean Sheikh: Count III and IV remain pending because the March 16, 2018 summary judgment ruling against him was set aside on July 26, 2018, and the state court granted him until September 17, 2018, to respond to the Complaint;

5. Associated Wholesale Grocers, Inc.: the March 16, 2018 final judgment on Count V remains in place;

6. Wilshire Bank: the March 16, 2018 final judgment on Count V remains in place;

7. Remaining Defendants Naser Musleh, Hasan Musleh, M.R. Allah LLC, Zafar Sheikh, and Bashir Chaudry are all dismissed based on the voluntarily dismissal by Plaintiff of the claims against them.

Status Report, ECF No. 13.

On November 1, 2018, Plaintiff moved to remand this case to state court under 28 U.S.C. § 1447(c), arguing the lack of complete diversity based on insufficient citizenship allegations as to Bushra Naseer in the Notice of Removal and asserting that Ms. Naseer was a non-diverse defendant as a citizen of the State of Illinois. [ECF No. 14]. On November 9, 2018, Sean Sheikh filed a response [ECF No. 16], and Plaintiff filed a reply [ECF No. 18] on November 12, 2018.

On February 5, 2019, the Court issued an Opinion and Order [ECF No. 23] denying Plaintiff's Motion to Remand on the basis that Ms. Naseer was no longer a party at the time of removal and, therefore, complete diversity of citizenship existed between Plaintiff Countryside Bank and Defendant Sean Sheikh. On February 6, 2019, Plaintiff filed the instant Motion to Reconsider that ruling. *See* [ECF No. 24]. Sean Sheikh filed a response [ECF No. 26], and Plaintiff filed a reply [ECF No. 27].

---

[7] As noted in footnote 5 above, the March 16, 2018 judgment on Count IV appears to remain in place as to Bushra Naseer because the May 1, 2018 Stipulated Dismissal of Count IV is only as to Naser Musleh. *See* ECF No. 13-3.

On April 15, 2019, this case was reassigned to the undersigned as presiding judge. [ECF No. 30].[8] At a status conference with the Court on January 17, 2020, the parties confirmed that Plaintiff's state of incorporation and principal place of business is the State of Illinois.[9] On January 17, 2020, the Court ordered Sean Sheikh to file a supplemental jurisdictional statement to correctly identify the citizenship of 3232 Central Avenue LLC and M.R. Allah LLC by identifying the members and the citizenship of the members of each at the time the Complaint was filed and at the time of removal. *See* Opinion, ECF No. 53.

On January 23, 2020, Sean Sheikh filed a "Declaration of Attorney Robert Habib as to 3232 Central Ave LLC" [ECF No. 54], identifying the members of 3232 Central Avenue LLC as Sean Sheikh and Bushra Naseer.[10] In relevant part, the Declaration provides that in 2014, Bushra Naseer "resided in Illinois"; that in "2015 she relocated with her children to Lahore, Pakistan"; that she "remained there, at least until the end of 2018"; and that she "presently resides in Illinois again, according to her brother-in-law Bashir Chaudry." *Id*. ¶¶ 4, 5.[11]

On January 24, 2020, Plaintiff filed, without seeking leave of Court, a Verified Response and Objection to the Exercise of Diversity Jurisdiction [ECF No. 55].

On January 27, 2020, Sean Sheikh filed an "Amended Declaration of Attorney Robert Habib as to 3232 Central Ave LLC" [ECF No. 56] stating that M.R. Allah LLC is a limited

---

[8] The case had been assigned to Judge James T. Moody as presiding judge prior to reassignment.

[9] On the record, counsel for Sean Sheikh clarified that the representation in the Response to Motion to Remand [ECF No. 16] that Plaintiff Countryside Bank is a citizen of the State of New York was made in error.

[10] The Declaration identifies only Sean Sheikh's residence, not his domicile. However, because Sean Sheikh's citizenship has been asserted in other documents, no further action is required.

[11] Attached to the Declaration is the January 22, 2020 Affidavit of Aneeqa Sheikh, a former employee of Central Market and a former officer of Central Market of Indiana Inc., who provides information regarding where Bushra Naseer lived from 2015 to 2019. The statements of fact based on personal knowledge in the Affidavit do not change the Court's determination that Sean Sheikh has failed to show that Ms. Naseer's domicile was not the State of Illinois at the relevant times.

liability company whose sole member is Hasan Musleh "who according to documents obtained from the Indiana Secretary of State resides at [an address in] St. John, Indiana." *Id*. ¶ 8.

On January 27, 2020, Central Market of Indiana, Inc. filed a Motion to Allow Central Market of Indiana, Inc. to File Brief Regarding Pending Jurisdictional Issue [ECF No. 57].

## ANALYSIS

Plaintiff asks the Court to reconsider the February 5, 2019 Opinion and Order, arguing that the conclusion that "under Indiana law, [Bushra] Naseer was no longer a party to the case at the time it was removed" was an error of law that resulted in the improper finding of diversity jurisdiction and denial of the Motion to Remand. Plaintiff, a citizen of Illinois, asks the Court to find that removal was not proper for lack of complete diversity because, at the time of removal, Defendant Bushra Naseer was a party and a citizen of Illinois. On that basis, Plaintiff seeks remand of this action to state court. Sean Sheikh responds that Ms. Naseer was not a party at the time of removal, and, even if she was a party for purposes of diversity jurisdiction, she was not a citizen of Illinois.

"Unlike motions to reconsider final judgments, which are governed by Federal Rule of Civil Procedure 59 or 60, a motion to reconsider an interlocutory order may be entertained and granted as justice requires." *Azko Coatings, Inc. v. Aigner Corp.*, 909 F. Supp. 1154, 1160 (N.D. Ind. 1995). More importantly, the Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). On the original Motion to Remand, the parties did not brief the issue of Ms. Naseer's status as a party at the time of removal. Now that the issue has been fully briefed on the instant motion and because the Court has an independent duty to confirm subject

8

matter jurisdiction, the Court finds that reconsideration of the February 5, 2019 Opinion and Order is warranted.

The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. *See* Notice of Removal p. 1, ECF No. 2. Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a), (a)(1). As the party seeking to invoke this Court's jurisdiction, Sean Sheikh bears the burden of demonstrating that the jurisdictional requirements have been met. *See Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). "[F]ederal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur*, 577 F.3d at 758. "[A] proponent of federal jurisdiction must, if material factual allegations are contested, prove those jurisdictional facts by a preponderance of the evidence." *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

For purposes of diversity jurisdiction, the citizenship of a natural person is determined by "domicile," not residence. *See Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile . . . . An allegation of 'residence' is therefore deficient."); *Am's Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992) (citing *Gilbert v. David*, 235 U.S. 561 (1915)). A domicile is "the state in which a person intends to live over the long run." *Heinen*, 671 F.3d at 670. The citizenship of a corporation, including a state bank, is its state of incorporation and its principal place of business. *See Dalton v. Teva N. Am.*, 891 F.3d 687, 690 (7th Cir. 2018); 28 U.S.C. § 1332(c)(1); *see also Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006) (noting that

state banks, usually chartered as corporate bodies by a particular state, fall within the citizenship test of § 1332(c)(1)). In contrast, a limited liability company takes the citizenship of every one of its members such that the "jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

The federal removal statute provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Thus, if the action meets the requirements for diversity of citizenship, the case may be removed to federal court. *See* 28 U.S.C. §§ 1332, 1441; *see also Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc.*, 707 F.3d 883, 890 (7th Cir. 2013) ("A case filed in state court may be removed to federal court only when the case originally could have been filed in federal court.").

Diversity must be present both at the time the complaint is filed and at the time of removal. *See Altom Transp., Inc. v. Westchester Fire Ins., Co.*, 823 F.3d 416, 420 (7th Cir. 2016) (citing *Thomas v. Guardsmark, Inc.*, 381 F.3d 701, 704 (7th Cir. 2004) (citing *Kanzelberger v. Kanzelberger*, 782 F.2d 774, 776 (7th Cir. 1986))). However, when an action is not initially removable because of a non-diverse defendant, the federal common law "voluntary-involuntary" rule allows removal when the plaintiff voluntarily dismisses the non-diverse defendant. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 71–72 (7th Cir. 1992) ("[C]ases with non-diverse parties [do] not become removable just because a non-diverse defendant [is] dismissed from the

case. Instead, . . . such suits [are] removable only if the plaintiff *voluntarily* dismissed a non-diverse defendant." (citations omitted)).

In this case, Plaintiff Countryside Bank is a citizen of Illinois. At the time the Complaint was filed in state court, at least four defendants were not diverse from Plaintiff based on their Illinois citizenship: Zafar Sheikh, Bashir Chaudry, Bushra Naseer, and 3232 Central Avenue LLC.[12] However, Zafar Sheikh and Bashir Chaudry were voluntarily dismissed by Plaintiff prior to removal; therefore, their Illinois citizenship is not considered for purposes of the diversity determination and does not preclude removal. *See Poulos*, 959 F.2d at 71–72.

As to Bushra Naseer and 3232 Central Avenue LLC, the first question before the Court on the Motion to Reconsider is whether, for purposes of diversity jurisdiction, they were parties at the time of removal in light of the prior state court final judgments against them. In the briefing on Plaintiff's November 1, 2018 Motion to Remand, Plaintiff took the position that Ms. Naseer was a party, and Defendant Sean Sheikh took the contrary position; however, neither party briefed the issue. The February 5, 2019 Opinion and Order denying the Motion to Remand found that Ms. Naseer was not a party at the time of removal and, thus, did not reach the question of her citizenship. Plaintiff filed the instant Motion to Reconsider that ruling, and the parties have now briefed the legal issue. Subsequently, the case was reassigned to the undersigned as presiding judge.

The Court now finds that, for purposes of determining this Court's diversity jurisdiction, Ms. Naseer was not terminated as a party to the state court action when the state court entered a final default judgment against her under Indiana Trial Rule 54(b) on March 16, 2018. In that

---

[12] The parties dispute the citizenship of Bushra Naseer. As set forth below, the Court finds that Ms. Naseer was a citizen of Illinois both at the time the Complaint was filed and at the time of removal. Because Ms. Naseer was one of its members, 3232 Central Avenue LLC was also a citizen of Illinois at both times.

11

state court ruling, Plaintiff obtained a judgment against Ms. Naseer. Thus, Ms. Naseer has not been dismissed—either voluntarily or involuntarily. As a result of that default judgment, Plaintiff can pursue proceedings supplemental against Ms. Naseer to collect on the judgment. The Indiana Supreme Court has described proceedings supplemental as a continuation of the original cause of action. *Rose v. Mercantile Nat'l Bank of Hammond*, 868 N.E.2d 772, 775–76 (Ind. 2007); *see also Caudill Seed & Warehouse Co., Inc. v. Rose*, No. 4:15-CV-4, 2016 WL 1553479, at *1 (S.D. Ind. Apr. 18, 2016) (citing *PNC Bank v. Broadbent*, No. 1:10-CV-546, 2011 WL 3902794, at *1 (S.D. Ind. Aug. 2, 2011) (report and recommendation) (citing *Rose*, 868 N.E.2d at 775).

Moreover, federal district courts have considered a defendant, against whom a state court default judgment was entered, to be a party at the time of removal for purposes of diversity and removal. In *Schlegle & Sons Printing v. United English Breeders & Fanciers Assoc., Inc.*, the court remanded the case for lack of diversity, finding that the citizenship of the non-diverse defendant against whom default judgment had been entered in state court prior to removal should be considered for diversity purposes. 682 F. Supp. 36, 37–38 (C.D. Ill. 1988). The district court reasoned that the federal district court "would nevertheless have to enforce the default judgment against him" and that "[p]laintiff and . . . [the non-diverse] defendant. . . are still parties to this lawsuit." *Id*. at 37–38. The court explained that the parties were not diverse at the time the complaint was filed and had not become diverse; thus, the case was not removable and remand was required. *Id*. at 38.

In *American Asset Finance, LLC v. Corea Firm*, the plaintiff challenged removal on the basis that not all defendants had joined in the removal as required by 28 U.S.C. § 1446(b)(2)(A). 821 F. Supp. 2d 698, 699 (D.N.J. 2011). Prior to removal, the state court had entered a final default judgment against two defendants, and those defendants did not join in the removal. *Id*.

12

The federal district court held that a defendant against whom a state default judgment has been entered remains part of the case at the time of removal such that the defendant is not a "nominal party" and is required to join in the removal. *Id.* at 699, 700–02 (citing *Schlegle & Sons Printing*, 682 F. Supp. at 37)). The court rejected the argument that a final judgment against a defaulted party is analogous to a final judgment against a party dismissed after settlement (which courts have found to render a party "nominal" for purposes of consent to removal). *Id.* at 700-01. Rather, the court suggested that the entry of default judgment demonstrated that the defendants were "*not* nominal parties because the plaintiff's entitlement to default judgment against [them] is a judicial recognition that real claims have been asserted against them." *Id.* at 701.

In this case, Sean Sheikh is correct that it appears that the time for Ms. Naseer to appeal the state court entry of judgment has expired. However, Plaintiff can still pursue proceedings supplemental against Ms. Naseer. Thus, the litigation was not terminated against Ms. Naseer, and she remained a party at the time of removal for purposes of determining this Court's diversity jurisdiction.

Accordingly, the Court turns to the question of whether Ms. Naseer and 3232 Central Avenue LLC were citizens of Illinois at the time the Complaint was filed and at the time of removal. As set forth above, the citizenship of a natural person is determined by "domicile," which is "the state in which a person intends to live over the long run." *Heinen*, 671 F.3d at 670. "[I]ntent is a state of mind which must be evaluated through the circumstantial evidence of a person's manifested conduct." *Sadat v. Mertes*, 615 F.2d 1176, 1181 (7th Cir. 1980) (quoting *Berhalter v. Irmisch*, 75 F.R.D. 539, 541 (W.D.N.Y. 1977)). Such objective factors of intent can include "current residence, voting registration and voting practices, location of personal and real property, location of financial accounts, membership in unions and other associations, place of

employment, driver's license and automobile registration, and tax payments." *Midwest Transit, Inc. v. Hicks*, 79 F. App'x 205, 208 (7th Cir. 2003). "[N]o single factor is conclusive." *Id*.

First, Sean Sheikh's Notice of Removal represents only that Ms. Naseer "resides overseas since 2012." Notice of Removal ¶ 2. The Notice of Removal does not allege Ms. Naseer's citizenship or domicile nor does it contest the allegation in the Complaint that Ms. Naseer is a citizen of Illinois. Plaintiff presents the following facts to demonstrate that Ms. Naseer was at all relevant times domiciled in Illinois. Plaintiff's underwriting documents for the mortgage loan that underlies this litigation shows that Ms. Naseer, a personal guarantor of the loan, was domiciled in Illinois at the time the loan was made. Br. in Supp. of Mot. to Remand, Ex. B ¶ 3, ECF No. 15. These documents include the following. Ms. Naseer's 2013 individual federal tax return, which reports her "home address" as an address in Lincolnwood, Illinois, is filed jointly with her husband Nazeer Chaudry who still owns the Lincolnwood, Illinois residence based on online reports of the Cook County Recorder of Deeds; the federal tax return also reports partial ownership of two Illinois corporations that use the Lincolnwood, Illinois residence for notices to be sent to her as the Registered Agent. *See Id*. Ex. B ¶ 3a; Ex. B-1, ECF No. 15-3; Ex. B-2, ECF No. 15-4; Ex. B-11, ECF No. 15-13. Ms. Naseer's 2013 individual Illinois tax return uses the Lincolnwood, Illinois residence as her address and fills in Line 11 to identify herself as an Illinois resident. *Id*. Ex. B ¶ 3b; Ex. B-3, ECF No. 15-5. A Transunion Consumer Credit Report identifies the Lincolnwood, Illinois residence as Ms. Naseer's current address as of the April 14, 2014 report date. *Id*. Ex. B ¶ 3c; Ex. B-4, ECF No. 15-6. Correspondence dated May 11, 2014, from ReliaStar Life Insurance Company encloses an Assignment of Life Insurance Policy in which Ms. Naseer uses the Lincolnwood, Illinois residence as her address. *Id*. Ex. B ¶ 3d; Ex. B-5, ECF No. 15-7. The Loan Summary and Approval reports that, as of December 11, 2014, Ms.

14

Naseer had contracted to purchase the Mortgaged Property and expressed her intention to manage the grocery store operations on the Mortgaged Property. *Id*. Ex. B ¶ 3e; Ex. B-6, ECF No. 15-8. In a personal financial statement, dated January 27, 2015, Ms. Naseer lists her address as the Lincolnwood, Illinois residence and lists business and residential phone numbers with an Illinois prefix of "847." *Id*. Ex. B ¶ 3f; Ex. B-7, ECF No. 15-9. A U.S. Small Business Administration Authorization identifies Ms. Naseer as an Illinois resident as of its date of March 24, 2015. *Id*. Ex. B ¶ 3g; Ex. B-8, ¶ H.3, ECF No. 15-10. Correspondence from Sean Sheikh, which is not dated but was received by Plaintiff on or about November 9, 2017, reports that the Mortgaged Property in Lake Station, Indiana, "is being run and managed by Bushra Naseer," among others. *Id*. Ex. B ¶ 3h; Ex. B-9, ECF No. 15-11. Ms. Naseer was served with the summons and State Court Foreclosure Complaint by certified mail on December 4, 2017, at an address in Lincolnwood, Illinois, where someone accepted the certified mailing on her behalf and checked the box identifying the person as the "Addressee." *Id*. Ex. B ¶ 3i; Ex. B-10, ECF No. 15-12. Finally, in an online report from the Illinois Secretary of State, Ms. Naseer shows herself as the registered agent of Sandal, Inc. as of 2018 and lists the Lincolnwood, Illinois residence as her address. *Id*. Ex. B ¶ 3j; Ex. B-11, ECF No. 15-13.

In the November 9, 2018 response to the Motion to Remand, Sean Sheikh stated that Ms. Naseer left the United States in August 2015 and as of September 17, 2018, had not returned. ECF No. 16, ¶¶ 3, 6. The Court finds that this unsupported statement does not go to Defendant's burden. Sean Sheikh also offered generally the testimony of Ms. Naseer gave under oath on January 18, 2017, in an insurance matter involving Central Market of Indiana. Therein, Ms. Naseer testified that she had lived in Illinois until August 2015, that she was using her Illinois address on her driver's license, and that she had traveled to Pakistan two years earlier to care for

her ill mother. Resp. to Mot. to Remand, Ex. pp. 6–7, ECF Nos. 16-1; *see also* ECF No. 20-1 (copy of transcript Certificate). Ms. Naseer testified that her husband worked in Illinois and supported her financially. *Id*. pp. 7–8. She testified that she and her husband were not going through a divorce. *Id*. p. 8. She testified that she continued to receive rental income from Illinois properties. *Id.* p. 9. The transcript contains the following exchange:

> Q: And why did you move to Pakistan?
> A: My mother was sick. I had to take care of her.
> Q: Is she still with us?
> A: Yes.
> Q: Okay. So if she's – are you planning on moving back to United States or staying in Pakistan with your children?
> A: Right now I want to live in Pakistan.

*Id*. pp. 7. The Court finds that Ms. Naseer's January 18, 2017 testimony does not indicate an intent to remain in Pakistan indefinitely and, therefore, does not show a change of domicile.

Therefore, Ms. Naseer was a citizen of Illinois at the time the Complaint was filed and at the time the case was removed. As a result, 3232 Central Avenue LLC, who has Ms. Naseer as a member, was also a citizen of Illinois at the relevant times. Because complete diversity does not exist between Plaintiff and Defendants Bushra Naseer and 3232 Central Avenue LLC, the Court lacks subject matter jurisdiction and remand is required.[13]

As a final matter, Plaintiff argued for the first time in reply in support of the Motion to Remand and then again in the instant Motion to Reconsider that the forum defendant rule precludes removal under 28 U.S.C. § 1441(b)(2) because Defendant Central Market of Indiana,

---

[13] The Court notes that the parties have not fully addressed whether Count V was brought against Naser Musleh, M.R. Allah LLC, and Wilshire Bank such that the March 16, 2018 Summary Judgment Order on Count V, which required Naser Musleh, M.R. Allah LLC, and Wilshire Bank to provide an accounting within 30 days, meant that Naser Musleh, M.R. Allah LLC, and Wilshire Bank also remained parties at the time of removal for purposes of diversity jurisdiction. *See* ECF No. 13-2. However, because remand is required based on non-diverse Defendants Bushra Naseer and 3232 Central Avenue LLC, no further inquiry is required.

Inc. is a citizen of Indiana.[14] Plaintiff waived this statutory challenge by failing to raise it within thirty days of the removal of the lawsuit. *See Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378–80 (7th Cir. 2000); 28 U.S.C. § 1447(c) ("A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a).").

## CONCLUSION

Based on the foregoing, the Court hereby GRANTS the Motion to Reconsider, Supported by Brief and Supplemental Authority Demonstrating Lack of Jurisdiction [ECF No. 24] and VACATES the February 5, 2019 Opinion and Order [ECF No. 23].

The Court STRIKES the Verified Response and Objection to the Exercise of Diversity Jurisdiction [ECF No. 25] as having been filed without leave of court and DENIES as moot the Motion to Allow Central Market of Indiana, Inc. to File Brief Regarding Pending Jurisdictional Issue" [ECF No. 57].

The Court GRANTS the Motion to Remand [ECF No. 14] and ORDERS that this case is remanded to state court. The Court declines to make an award of attorney fees under 28 U.S.C. §1447(c) in relation to Plaintiff's Motion to Remand.

In light of the remand, the pending Motion for Summary Judgment [ECF No. 5] is DENIED as moot.

SO ORDERED on February 5, 2020.

                                                s/ Theresa L. Springmann
                                               CHIEF JUDGE THERESA L. SPRINGMANN
                                               UNITED STATES DISTRICT COURT

---

[14] 28 U.S.C. § 1441(b)(2) provides: "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."